**UNITED STATES of America ex rel. William E. FULLER, Esq., on behalf of Hilbert Huntley a/k/a Charles Huntley, Petitioners,**

v.

**WARDEN, BRONX HOUSE OF DETENTION FOR MEN, Respondent.**

**No. 73 Civ. 5022.**

United States District Court,
S. D. New York.
June 10, 1974.

William E. Fuller, New York City, for petitioners.

Louis J. Lefkowitz, Atty. Gen. of the State of New York by Lillian Z. Cohen, New York City, of counsel, for defendant.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Petitioner Hilbert Huntley seeks release from allegedly unlawful confinement following a conviction on October 17, 1973, of criminal possession of a dangerous drug. He maintains that his conviction was invalid for a number of reasons, none of which may be reached on the merits because of his failure to exhaust state remedies.

His first objection is that the jury's verdict was logically inconsistent and should have been construed as a verdict of acquittal. The jury convicted him of possessing heroin and cocaine but acquitted him of one count of possessing hypodermic equipment. He argues that since the evidence on all three counts of possession was identical, he could not legally or logically be acquitted of one count and convicted of the other two.

His next few objections are based on a "brief" submitted to the trial judge by one of the jurors following the trial. This "brief" makes four major arguments, the first of which is that the jurors were prejudiced against the defendant by the stenographer's behavior during the trial. It is claimed that the stenographer made faces showing disbelief when the defendant testified and that the judge refused to accept the note sent to him by the jurors regarding this incident. The "brief" further argues that the jurors should have been told that the defendant was the same person after whom "Huntley hearings" were named, because it would have affected their judgment as to his credibility on the issue of the voluntariness of his confession. The "brief" also states that the composition of the all-male jury was racially and sexually unrepresentative of the community where the defendant lived, and that one of the jurors was pressured by the others into changing his vote from Not Guilty to Guilty at 1 a. m. after thirteen hours of deliberations.

In addition to the assignments of error enumerated in the juror's "brief", the petitioner alleges that he was wrongfully incarcerated prior to trial and that he was unfairly prevented from challenging his incarceration by way of a petition for habeas corpus in the state courts. None of the issues raised may be addressed on the merits, however, because petitioner Huntley has not exhausted the available state remedies with respect to any of them, as required by 28 U.S.C. § 2254(b). He claims to have been prevented from exhausting his remedies completely by the collusive behavior of several Assistant Attorneys General but alleges no facts which would support this claim. Under the circumstances the petition must be dismissed.

So ordered.